BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00107-KJM-CKD |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $29,892.89 SEIZED FROM BANK OF AMERICA, ACCOUNT NUMBERS 501000913890, 5010765178, AND 4376100436, HELD IN THE NAME OF GENNARO DIMATTEO, | |
| APPROXIMATELY $5,191.29 SEIZED FROM AMERICAN EXPRESS BANK, ACCOUNT NUMBER 1512295757, HELD IN THE NAME OF GENNARO DIMATTEO, | |
| APPROXIMATELY $2,139.16 SEIZED FROM US BANK, ACCOUNT NUMBER 153466313712, HELD IN THE NAME OF CITY OF ANGELS TAHOE INC., and | |
| APPROXIMATELY $3,002.03 SEIZED FROM US BANK, ACCOUNT NUMBER 253000640263, HELD IN THE NAME OF GENNARO DIMATTEO, | |
| Defendants. | |

/////

/////

1

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On or about September 7, 2012, the El Dorado County Sheriff's Department seized the above-referenced defendant funds.  The Drug Enforcement Administration adopted the defendant funds for federal forfeiture.

2.  The United States represents that it could show at a forfeiture trial that on August 31, 2012, members of the El Dorado County Sheriff's Department executed a state narcotics search warrant for the residence of Gennaro DiMatteo, located in South Lake Tahoe, California.  During the search, agents discovered a hidden door that lead to several sub-surface rooms under the structure.  The rooms had been set up with equipment that is standard for indoor marijuana cultivation gardens.  Although there was not an active marijuana grow at the time of the search, detectives discovered approximately five pounds of processed marijuana on a shelf located in one of the sub-surface rooms.  In the downstairs/basement area, detectives found a scale located on a table near a food saver machine.  These items are consistent with DiMatteo heat sealing marijuana after weighing out distribution quantities and shipping them out of state.  In total, detectives seized approximately five pounds of processed marijuana and fifteen pounds of marijuana "shake," that is, residual marijuana used for cooking marijuana edibles.  During *Mirandized* questioning, DiMatteo admitted he is not a user of marijuana.  Inside a freezer within DiMatteo's detached garage, detectives found marijuana-laced ice cream, granola bars, and pizzas.

3.  The United States could further show at a forfeiture trial that detectives found pay/owe sheets within a desk inside the kitchen area, as well as inside a desk in the living room area of DiMatteo's residence.  In particular, DiMatteo had notes setting the price of the marijuana sold at his dispensary, City of Angels 2.  On a separate set of documents, DiMatteo listed the various amounts paid.  DiMatteo lists himself receiving $7,000 bi-weekly.

4.  The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5.    Without admitting the truth of the factual assertions contained above, Gennaro DiMatteo specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Gennaro DiMatteo agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Gennaro DiMatteo hereby acknowledges that he is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, Gennaro DiMatteo shall hold harmless and indemnify the United States, as set forth below.

6.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8.    The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.    The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.    All right, title, and interest of Gennaro DiMatteo in the following defendant funds, together with any interest that may have accrued on those amounts, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

    a. Approximately $29,892.89 seized from Bank of America, Account Numbers 501000913890, 5010765178, and 4376100436, held in the name of Gennaro DiMatteo,

    b. Approximately $5,191.29 seized from American Express Bank, Account Number 1512295757, held in the name of Gennaro DiMatteo,

      c. Approximately $2,139.16 seized from US Bank, Account Number 153466313712, held in the name of City Of Angels Tahoe Inc., and

      d. Approximately $3,002.03 seized from US Bank, Account Number 253000640263, held in the name of Gennaro Dimatteo.

11.    The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

12.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

13.    All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

DATED: February 6, 2013

_____
UNITED STATES DISTRICT JUDGE

4